United States District Court
Southern District of Texas
**ENTERED**
August 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN VASQUEZ-CORTES, a/k/a JUAN ANTONIO VASQUEZ CORTEZ, a/k/a JUAN ANTONIO VASQUEZ-CORTEZ, #A-220458207, | § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | Civil Action No. H-23-0276 |
| WARDEN RANDY TATE, *et al.*, | § § § | |
| *Respondents*. | § | |

## ORDER OF DISMISSAL

Petitioner Juan Vasquez-Cortes, a/k/a Juan Antonio Vasquez Cortez, a/k/a Juan Antonio Vasquez-Cortez, #A-220458207,[1] was in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Montgomery Processing Center in Conroe, Texas, at the time of filing. He filed a *pro se* habeas petition under 28 U.S.C. § 2241 challenging the legality of his continued detention. On June 12, 2023, the respondents filed a motion to dismiss and served petitioner a copy at his address of record that same date. (Docket Entry No. 8.) Despite expiration of a reasonable period of time in excess of sixty-five days, petitioner has failed to respond to the motion, and the motion is deemed unopposed.

---

[1] Petitioner filed his petition under the name Juan Antonio Vasquez Cortez. He was convicted of being found in the United States after previous deportation under the name Juan Antonio Vasquez-Cortez. (Docket Entry No. 8, Exhibit B.) His ICE immigration papers reflect his name as Juan Vasquez-Cortes. (Docket Entry No. 8, Exhibit C.)

Having considered the petition, the motion to dismiss, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and dismisses this lawsuit for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Petitioner is a citizen of El Salvador. He is currently in ICE custody because he is subject to a notice of removal. He was removed to El Salvador from the United States in December 2021, but again illegally reentered the United States shortly thereafter and was arrested near McAllen, Texas, on February 6, 2022. He pleaded guilty on March 28, 2022, to being found in the United States after a previous deportation and was sentenced to time served. (Docket Entry No. 8, Exhibit B.) He was returned to ICE custody.

On August 17, 2022, ICE informed petitioner that he would not be released from custody. In its Decision to Continue Detention (Docket Entry No. 8, Exhibit C), ICE notified petitioner that he would remain in custody because (1) he posed a significant risk of flight pending his removal from the United States given his illegal re-entry after having been previously deported and failure to abide by immigration laws and policies; (2) ICE expected to effectuate his removal in the reasonably foreseeable future once his case was completed; and (3) petitioner posed a threat to the public given his active gang affiliation.

Petitioner asserts here that his detention is unlawful, claiming that (1) his continued detention violates 8 U.S.C. § 1231, the Immigration and Nationality Act ("INA"); (2) there is no likelihood that he will be removed following the final order of removal; and (3) the

2

detention violates his substantive and procedural due process rights under the Fifth Amendment.

## II. ANALYSIS

Section 1231(a) of the INA provides than when an alien is ordered removed, he must be removed from the United States within a period of ninety days. 8 U.S.C. § 1231(a)(1)(A). However, section 1231(a)(6) provides grounds for the continued detention of an alien under certain circumstances. An alien subject to removal who poses a flight risk or is unlikely to comply with the removal order may be detained beyond the ninety-day removal period for the time necessary to bring about their removal from the United States. 8 U.S.C. § 1231(a)(6).

In this case, ICE continued petitioner's detention after determining that he poses a significant risk of flight and threat to the public. (Docket Entry No. 8, Exhibit C). Petitioner previously re-entered the United States after deportation and failed to abide by immigration laws and policies, which indicates that he is at risk of fleeing if released. *Id.* ICE further determined that petitioner poses a threat to the public due to his active gang affiliation. *Id.* Because petitioner cannot be removed to El Salvador while his removal proceedings are pending, his continued detention is necessary until his removal proceedings are final. Thus, his detention does not violate section 1231.

Moreover, no viable claim for relief is shown under *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). In *Zadvydas*, the Supreme Court of the United States held that the federal

3

government's authority to detain an alien under section 1231 ends "once removal is no longer reasonably foreseeable." *Id.* at 699. Under *Zadvydas*, detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal, which is presumptively six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. After the six-month period ends, a petitioner can attack the reasonableness of his detention by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Petitioner here pleads no factual allegations establishing that there is no significant likelihood of his removal in the reasonably foreseeable future, and has not disputed the respondents' argument that he fails to plead factual allegations demonstrating a violation of his rights under *Zadvydas*. No procedural due process violation is shown.

Additionally, petitioner's conclusory allegation of a Fifth Amendment substantive and procedural due process violation is unsupported by any factual allegations. Substantive due process protects against arbitrary government action, but "only the most egregious official conduct is arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Coleman v. Dretke*, 395 F.3d 216, 224–25 (5th Cir. 2004). "[B]ehavior most likely to 'shock the conscience' and thus support a substantive due process claim is 'conduct intended to injure in some way unjustifiable by any government interest.'" *Lewis*, 523 U.S. at 849; *Coleman*, 395 F.3d at 224–25. The respondents' exhibits (Docket Entry No.

4

8, Exhibits A–C) show that petitioner is being lawfully detained pursuant to pending removal proceedings, and petitioner demonstrates no substantive or procedural due process violation.[2]

### III. CONCLUSION

The respondents' motion to dismiss (Docket Entry No. 8) is **GRANTED** and petitioner's habeas petition under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE.**

Signed at Houston, Texas, on this the 25th day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[2]A hearing was scheduled in petitioner's removal proceedings for June 21, 2023. (Docket Entry No. 8, p. 4; Exhibit A.) The parties have not notified the Court as to the disposition of the hearing. Petitioner last communicated with the Court on February 6, 2023. (Docket Entry No. 3.)

5